IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERMAVANCE PHARMACEUTICALS, INC., :          CIVIL ACTION
                             *Plaintiff*,   :
                                          :
           v.                           :
                                          :
MEDINTER, LTD.,                    :
BRITISH VIRGIN ISLANDS,      :
                     *Defendant*.    :       NO. 21-cv-01144

**MEMORANDUM**

KENNEY, J.                                                       APRIL 11, 2024

After a related case ended in a default judgment against Defendant Medinter, Ltd. ("Medinter"), Plaintiff Dermavance Pharmaceuticals, Inc. ("Dermavance") moved for partial summary judgment, asserting that collateral estoppel should apply to the instant case and result in a victory for Dermavance on the merits. Medinter responded that summary judgment was premature since discovery had not yet been completed, and that a default judgment cannot have preclusive effect. These issues are ripe for disposition.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The instant case originated when Dermavance sued Medinter for breaching an agreement giving Dermavance an exclusive license to sell a pharmaceutical product called Derma Veil. ECF No. 1. In a separate action, Medinter was also sued by Galderma Laboratories, L.P. and Galderma S.A. (collectively, "Galderma") in the United States District Court for the District of Delaware *See Galderma Labs., L.P. et al. v. Medinter US LLC et al.*, No. 18-1892 (D. Del) (the "Delaware Action"). There, Galderma contended that Medinter's patent for Derma Veil infringed on Galderma's patent. The parties in this action jointly agreed to stay the case pending the disposition

of the Delaware Action (ECF No. 49) and on November 21, 2022, the Court stayed this case until

there was a final determination in the Delaware Action. ECF No. 50.

On December 21, 2023, the Judge in the Delaware Action granted Galderma's Motion for

Default Judgment (in relevant part) against Medinter. ECF No. 67, Ex. E. The Delaware Judge

explained that after the litigation had been aggressively litigated for over four years, Medinter's

counsel abruptly withdrew, and Medinter did not retain new counsel. *Id.* at 5. Galderma eventually

filed for default judgment. *Id.* The parties then agreed to resume the instant action. ECF Nos. 62,

65.

On February 12, 2024, Dermavance filed for partial summary judgment on the basis that

the default judgment in the Delaware Action collaterally estops Medinter from arguing that they

did not infringe the Derma Veil patent. ECF No. 67 at 7-11. Since the contract between

Dermavance and Medinter contains a provision warranting that the Derma Veil patent does not

infringe any other patents, Dermavance argues that Medinter breached the contract, and is required

to indemnify Dermavance for its costs in the Galderma litigation. *Id.* at 7-12. Medinter responded

that 1) summary judgment is premature without further discovery and 2) default judgment legally

cannot be the basis for collateral estoppel. ECF No. 71 at 8-12.

## II.     STANDARD OF REVIEW

A district court "shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). More specifically, "[s]ummary judgment is appropriate when 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law.'" *Wright v. Owens Corning*, 679 F.3d 101, 105 (3d Cir. 2012)

(quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). When determining the existence of a genuine issue of material fact, a court must "examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

## III.   DISCUSSION

Application of collateral estoppel requires that "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (citations omitted). Medinter only challenges the preclusive effect of default judgment on the grounds that it was not "actually litigated." ECF No. 71 at 11-12.

Typically, it is correct that default judgments cannot be the basis for collateral estoppel because when a judgment is entered by default, the underlying issues are not actually litigated. *See Wilson v. Reliance Ins. Co.*, 138 F. App'x 457, 459 (3d Cir. 2005). As the Third Circuit has explained, a "typical" default judgment is entered "where a defendant neglects or elects not to participate in any manner because of the inconvenience of the forum selected by the plaintiffs, the expense associated with defending the lawsuit, or some other reason." *In re Docteroff*, 133 F.3d 210, 215 (3d Cir. 1997) (citations omitted). In such a case, it would be unfair to hold a substantive result against a defendant who opted not to litigate in the first instance.

However, a different analysis applies when a default judgment is entered as a sanction.  In *in re Docteroff*, Docteroff began by "participat[ing] extensively in the lawsuit" and only began to "frustrate orderly litigation" once he "realized the meritlessness of his position." *Id.* Given facts like these, the Third Circuit held that a party such as Docteroff, "who deliberately prevents

resolution of a lawsuit should be deemed to have actually litigated an issue for purposes of collateral estoppel application." *Id.*

Several sister circuits have held similarly, ruling that "where the default judgment is entered as a sanction for bad conduct, and the party being estopped had the opportunity to participate in the underlying litigation, the default judgment has preclusive effect." *In re Snyder*, 939 F.3d 92, 100 (2d Cir. 2019); *see also In re Corey*, 583 F.3d 1249, 1252 (10th Cir. 2009) ("applying preclusion doctrine here [after a default judgment] is likely to discourage obstructive and delaying tactics"); *In re Daily*, 47 F.3d 365, 368-69 (9th Cir. 1995) (applying collateral estoppel where "Daily did not simply give up but actively participated in the adversary process for almost two years prior to the FDIC's motion for default judgment"); *In re Bush*, 62 F.3d 1319, 1325 (11th Cir. 1995) ("Where a party has substantially participated in an action in which he had a full and fair opportunity to defend on the merits, but subsequently chooses not to do so, and even attempts to frustrate the effort to bring the action to judgment, it is not an abuse of discretion for a district court to apply the doctrine of collateral estoppel to prevent further litigation of the issues resolved by the default judgment in the prior action."). This rule is appropriate since it "deprives the sanctioned party an opportunity to relitigate an issue that could and should have been decided in the first litigation." *Snyder*, 939 F.3d at 100-01 (citation omitted).

The parties do not dispute the facts relevant to this motion. Medinter participated extensively in the Delaware Action for over four years, litigating a motion to dismiss and briefing claim construction, filing Answers, serving and responding to several sets of written discovery requests, producing documents, taking and defending depositions, and conducting expert discovery. *See* ECF No. 67, Ex. D. On January 6, 2023, Medinter filed an emergency motion to stay pending resolution of a forthcoming motion to withdraw, and Medinter's counsel filed that

4

motion to withdraw on January 20, 2023. *Id.* at 45, 47. The court in the Delaware Action ultimately

provided a deadline of April 26, 2023 for Medinter to find new counsel, but they did not do so.

ECF No. 67, Ex. E at 5. Galderma sought an entry of default on April 27, 2023, which was entered

on May 4, 2023. *Id.* at 5-6. Galderma then filed a motion for default judgment on October 6, 2023,

which was granted (in relevant part) on December 21, 2023. *Id.* at 13. No counsel entered an

appearance for Medinter throughout that entire period. *Id.* at 5, 9.

      In deciding the default judgment, the Delaware Judge relayed this history and noted that in

failing to hire counsel, Medinter "prevent[ed] Galderma from proving its claims and collecting

damages as a result of [Medinter's] infringement," clearly demonstrating prejudice. *Id*. at 9.

Ultimately, the Delaware Judge concluded that Medinter's "failure to [hire new counsel] is

willful[,] [and] given their complete absence from the case for the better part of a year, entering a

default judgment is the only effective sanction [he] can impose." *Id.* at 10.

      Medinter's conduct here clearly echoes those exceptional cases in which a party litigates

aggressively and then suddenly stops participating, preventing their counterpart from pursuing the

case and ultimately collecting judgment against them. *See In re Better Than Logs, Inc.*, 631 B.R.

670, 681-82 (D. Mont. 2021) (giving preclusive effect to a default judgment where the defendant

"actively participated in the District Court litigation for over a year . . . but abandoned its efforts

when it was unable to obtain new counsel."). In those situations, the Third Circuit (and others)

have determined that a party cannot avoid responsibility to seek a second bite at the apple, and

have opted to give default judgment preclusive effect. This Court will do the same.

## IV.    CONCLUSION

      Dermavance correctly argues that it is entitled to collateral estoppel on the issues

determined by default judgment in the Delaware Action. However, that alone does not provide

Dermavance with a complete victory in this case. Medinter is entitled to discovery in order to determine issues of contract interpretation, liability, damages, and other relevant defenses and counterclaims.

BY THE COURT:

/s/ Chad F. Kenney

_____

CHAD F. KENNEY, JUDGE